UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE GRANT,

       Plaintiff,

    v.

STATE OF CALIFORNIA,

       Defendant.

No.  2:20-cv-1409 WBS AC P

ORDER

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3       II.     Statutory Screening of Prisoner Complaints

4           The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9           A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16   Franklin, 745 F.2d at 1227-28 (citations omitted).

17           "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28   cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1   R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

2          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3   relief that is plausible on its face.'"   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

4   <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5   content that allows the court to draw the reasonable inference that the defendant is liable for the

6   misconduct alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  In reviewing a complaint under this

7   standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg.</u>

8   <u>Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

11     III.    <u>Complaint</u>

12          Plaintiff names the State of California as the only defendant.  He alleges that the courts

13  have violated his rights under the Sixth, Eighth, and Fourteenth Amendments, as well as Articles

14  1 and 6 of the California Constitution.  ECF No. 1.  He alleges that in response to the COVID-19

15  pandemic, social distancing has never been practiced and masks were not provided to the

16  population.  <u>Id.</u> at 3.

17     IV.    <u>Failure to State a Claim</u>

18          The only defendant named by plaintiff is the State of California, and his claims are

19  therefore barred by sovereign immunity.  <u>See</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974)

20  ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens."

21  citations omitted)); <u>Howlett v. Rose</u>, 496 U.S. 356, 365 (1990) (state not subject to suit under

22  § 1983 (citing <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58 (1989)).  To the extent plaintiff's

23  allegations appear to be based upon the conduct of a state court, allowing plaintiff to substitute

24  the court as the defendant would be futile because the claims would be similarly barred.  <u>See</u>

25  <u>Simmons v. Sacramento Cnty. Superior Ct.</u>, 318 F.3d 1156, 1161 (9th Cir. 2003) (citations

26  omitted) (claims against state courts under § 1983 are barred by the Eleventh Amendment).

27  Furthermore, the complaint fails to demonstrate any violation of plaintiff's rights given the

28  vagueness of the allegations.

3

1    V.    No Leave to Amend

2          Leave to amend should be granted if it appears possible that the defects in the complaint

3    could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31

4    (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se

5    litigant must be given leave to amend his or her complaint, and some notice of its deficiencies,

6    unless it is absolutely clear that the deficiencies of the complaint could not be cured by

7    amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after

8    careful consideration, it is clear that a complaint cannot be cured by amendment, the court may

9    dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

10         The undersigned finds that, as set forth above, the complaint fails to state a claim upon

11   which relief may be granted and that amendment would be futile.  The complaint should therefore

12   be dismissed without leave to amend.

13   VI.   Plain Language Summary of this Order for a Pro Se Litigant

14         Your request to proceed in forma pauperis is granted and you are not required to pay the

15   entire filing fee immediately.

16         It is being recommended that your complaint be dismissed without leave to amend

17   because both the state and the state court are immune.

18         In accordance with the above, IT IS HEREBY ORDERED that:

19         1.  Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

20         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

22   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

23   appropriate agency filed concurrently herewith.

24         IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to

25   amend.

26         These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

28   after being served with these findings and recommendations, plaintiff may file written objections

4

with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE